**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Armando Guadalupe GAMEZ, Defendant–Appellant.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 19, 2007.*

Filed May 3, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Jerry R. Albert, Esq., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

J. Poore Poore, Tucson, AZ, for Defendant–Appellant.

Before: KLEINFELD and THOMAS, Circuit Judges, and BURGESS,** District Judge.

### MEMORANDUM ***

Armando Gamez appeals the judgment of conviction entered by the district court pursuant to a conditional plea agreement that retained his right to appeal the district court's denial of his suppression motion. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Assuming, without deciding, that Gamez had standing to assert the border patrol agents violated the Fourth Amendment in their search of an automobile driven by another person, we conclude that the district court properly denied the suppression motion. The totality of the circumstances supports the district court's determination that the agents had reasonable suspicion to stop the vehicle. The vehicles were traveling in tandem in an area known for alien and drug smuggling, and the drivers engaged in evasive driving after they noticed the marked border patrol agent's vehicles. The agents also noticed white covering draped over the top of the back seat, which he testified was similar to coverings used in previous cases to shield both aliens and drugs. The totality of the circumstances, including these factors, justified the stop of the vehicles by the agents.

For the first time on appeal, Gamez contends that the drivers of the vehicles did not give a valid consent to the search. Because Gamez did not make this argument to the district court, we review for plain error. Under plain error review, we will only grant relief if the we determine there is error that is plain and that affects the defendant's substantial rights. *United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). After carefully considering the totality of the circumstances, we conclude that the district court did not plainly err in not *sua sponte* holding that the consent to search was not voluntarily given.

**AFFIRMED.**

** The Honorable Timothy Mark Burgess, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.